

## Circuit Clerk

## 5th Judicial Circuit

### Tallapoosa County, Alabama

Frank Lucas
Clerk, Circuit Court
West Division
P.O. Box 189
Alexander City, AL 35010
(205) 234-4361

Clerk, Circuit Court
East Division
Tallapoosa County Courthouse
Dadeville, AL 36853
(205) 825-1098

STATE OF ALABAMA

TALLAPOOSA COUNTY

ALEXANDER CITY

I, Frank Lucas, Clerk of the Circuit and District Courts of Tallapoosa County, Alabama, do hereby certify that the following is a true and correct copy of ___CV-06-04___ ROSEMARY LEVERETT, ET AL _____

_____ vs ___MERCK & CO., ETC., ET AL_____,

as the same appears of record and on file in my office in Alexander City, Alabama.

Witness my hand and seal of the Circuit Court of Tallapoosa County, Alabama, this the _7th_ day of ___February___ _2006_.

CLERK OF THE CIRCUIT AND DISTRICT COURT
TALLAPOOSA COUNTY, ALABAMA





IN THE CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA

ROSEMARY LEVERETT, Individually,        *
and as Executrix of the Estate of       *
HUGH ROBERT LEVERETT, deceased,         *
                                        *
        Plaintiff,                      *
                                        *
                                        *
v.                                      *       Civil Action NO. CV-06- 04
                                        *
MERCK & CO., INC., a foreign            *
Corporation; ANNE BRANDON, an           *
Individual; LAMONDE RUSSELL, an         *
Individual; and fictitious defendants   *
A, B, C & D, being those persons, firms *
or Corporations whose fraud, scheme to  *
defraud, and/or other wrongful conduct  *       JURY TRIAL DEMANDED
caused or contributed to the Plaintiff's *
injuries and damages, and whose true    *
names and identities are presently      *
unknown to Plaintiff, but will be       *
substituted by amendment when           *
ascertained,                            *
                                        *
        Defendants.                     *

7160 3901 9849 1050 6368

IVIL SUMMONS

BY REQUESTED BY THE PLAINTIFF UPON THE

**TO:**    Lamonde Russell
           102 Amanda Place
           Pelham, Alabama 35124

---

amonde Russell

**SENDER:**

**REFERENCE:** CV-06

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | |
| | Return Receipt Fee | |
| | Restricted Delivery | |
| | Total Postage & Fees | |

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided
Do Not Use for International Mail

POSTM

2. Article Number

7160 3901 9849 1050 6368

3. Service Type    CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)    ☐ Yes

1. Article Addressed to:

Lamonde Russell
102 Amanda Place
Pelham, Alabama 35124

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)        B. Date of Delivery

C. Signature
X Lamonde Russe        ☐ Agent
                        ☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:            ☐ No

PEL... 35124

JAN 1 3 2006

USPS

CV-06-04

PS Form 3811, January 2005        Domestic Return Receipt

The Answer must be mailed or delivered within 30 days after this Summons and Complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in this Complaint.  You must also file the original of your Answer with the Clerk of this Court.

_____    _____ By:_____
DATE                                CIRCUIT CLERK

IN THE CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA

ROSEMARY LEVERETT, Individually,          *
and as Executrix of the Estate of         *
HUGH ROBERT LEVERETT, deceased,           *
                                          *
        Plaintiff,                        *
                                          *
v.                                        *      Civil Action NO. CV-06-___04___
                                          *
MERCK & CO., INC., a foreign              *
Corporation; ANNE BRANDON, an             *
Individual; LAMONDE RUSSELL, an           *
Individual; and fictitious defendants     *
A, B, C & D, being those persons, firms   *
or Corporations whose fraud, scheme to    *
defraud, and/or other wrongful conduct    *      JURY TRIAL DEMANDED
caused or contributed to the Plaintiff's  *
injuries and damages, and whose true      *
names and identities are presently        *
unknown to Plaintiff, but will be         *
substituted by amendment when             *
ascertained,                              *
                                          *
        Defendants.                       *

## CIVIL SUMMONS

HEREBY REQUESTED BY THE PLAINTIFF UPON THE

7160 3901 9849 1050 6375

Anne Brandon
7 Lauderhill
Tuscaloosa, Alabama 35406

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| | A. Received by (Please Print Clearly)   B. Date of Delivery |
| 7160 3901 9849 1050 6375 | Anne Brandon   1/13/06 |
| | C. Signature |
| | X |
| | D. Is delivery address different from item 1?   ☐ Yes |
| 3. Service Type   CERTIFIED MAIL | If YES, enter delivery address below:   ☐ No |
| 4. Restricted Delivery? (Extra Fee)   ☐ Yes | |
| 1. Article Addressed to: | |

NDER:

FERENCE:    CV 06-0

Anne Brandon
7 Lauderhill
Tuscaloosa, Alabama 35406

CV 06-04

Form 3800, January 2005

| TURN | Postage | |
| CEIPT | Certified Fee | |
| RVICE | Return Receipt Fee | |
| | Restricted Delivery | |
| | Total Postage & Fees | |

POSTMARK OR DA

US Postal Service
**Receipt for
Certified Mail**
No Insurance Coverage Provided
Do Not Use for International Mail

PS Form 3811, January 2005          Domestic Return Receipt

The Answer must be mailed or delivered within 30 days after this Summons and Complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in this Complaint.  You must also file the original of your Answer with the Clerk of this Court.

_____     _____ By: _____

DATE                                CIRCUIT CLERK

IN THE CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA

ROSEMARY LEVERETT, Individually,       *
and as Executrix of the Estate of      *
HUGH ROBERT LEVERETT, deceased,        *
                                       *
        Plaintiff,                     *
                                       *
                                       *
v.                                     *       Civil Action NO. CV-06-04
                                       *
MERCK & CO., INC., a foreign           *
Corporation; ANNE BRANDON, an          *
Individual; LAMONDE RUSSELL, an        *
Individual; and fictitious defendants  *
A, B, C & D, being those persons, firms *
or Corporations whose fraud, scheme to *
defraud, and/or other wrongful conduct *       JURY TRIAL DEMANDED
caused or contributed to the Plaintiff's *
injuries and damages, and whose true   *
names and identities are presently     *
unknown to Plaintiff, but will be      *
substituted by amendment when          *
ascertained,                           *
                                       *
        Defendants.                    *

CIVIL SUMMO[NS]                7160 3901 9849 1050 6382

                                TO:

SERVICE BY CERTIFIED MAIL IS HEREBY REQUES[TED]      Merck & Co., Inc.
FOLLOWING DEFENDANT:                                 [C]orporation Process Company
                                                     [In]terstate Park Drive, Suite 204
                                                     [Montgo]mery, Alabama 36109

---

**COMPLETE THIS SECTION ON DELIVERY**

. Article Number

7160 3901 9849 1050 6382

| A. Received by (Please Print Clearly) | B. Date of Delivery |
|---|---|
| | 1-10-06 |

C. Signature
X S. Dawson              ☐ Agent
                          ☐ Addressee

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type  CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   ☐ Yes

1. Article Addressed to:

Merck & Co., Inc.
C/O Corporation Process Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

CV-06-04

PS Form 3811, January 2005

Domestic Return Receipt     7002 0860 0001 4803 4500

The Answer must be mailed or delivered within 30 days after this Summons and Complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in this Complaint.  You must also file the original of your Answer with the Clerk of this Court.

_____    _____ By:_____
DATE                       CIRCUIT CLERK



IN THE CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| ROSEMARY LEVERETT, Individually, | * | |
| and as Executrix of the Estate of | * | |
| HUGH ROBERT LEVERETT, deceased, | * | |
|  | * | |
| **Plaintiff,** | * | |
|  | * | |
| v. | * | Civil Action NO. CV-06- 0 4 |
|  | * | |
| MERCK & CO., INC., a foreign | * | |
| Corporation; ANNE BRANDON, an | * | |
| Individual; LAMONDE RUSSELL, an | * | |
| Individual; and fictitious defendants | * | |
| A, B, C & D, being those persons, firms | * | |
| or Corporations whose fraud, scheme to | * | |
| defraud, and/or other wrongful conduct | * | **JURY TRIAL DEMANDED** |
| caused or contributed to the Plaintiff's | * | |
| injuries and damages, and whose true | * | |
| names and identities are presently | * | |
| unknown to Plaintiff, but will be | * | |
| substituted by amendment when | * | |
| ascertained, | * | |
|  | * | |
| **Defendants.** | * | |

## COMPLAINT

COMES NOW the Plaintiff, **ROSEMARY LEVERETT**, individually and on behalf of

Hugh Robert Leverett, deceased, Plaintiff, complaining of Merck & Co., Inc., individual sales

representatives Anne Brandon and Lamonde Russell, and fictitious defendants A, B, C & D,

("Defendants"), and for Plaintiff's cause of action against the Defendants states as follows:

### Statement Of The Parties

1.     This is a civil action brought by Plaintiff Rosemary Leverett, on behalf of her

decedent, Hugh Robert Leverett, for his death. Plaintiff's decedent was prescribed and used the

prescription medication VIOXX (Rofecoxib). This action seeks monetary damages for the wrongful death caused by the prescription medication VIOXX (Rofecoxib) ingested by Plaintiff's decedent.

      2.     Plaintiff Rosemary Leverett is over the age of 19 years and is a resident of Tallapoosa County, Alabama. Rosemary Leverett appears as the personal representative of the Estate of Hugh Robert Leverett, deceased, having been appointed as the Executrix of his Estate on April 1, 2004.

      3.     Plaintiff's decedent, Hugh Robert Leverett, was an adult resident of Tallapoosa County, Alabama at the time of his death.

      4.     Defendant Merck & Co., Inc. (hereinafter referred to as "Merck"), is incorporated in the State of New Jersey and has its principal place of business in White House Station, New Jersey. At all times relevant herein, Merck was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals and other products, including VIOXX. Merck does business by agent in Alabama and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed VIOXX in Bullock County, Alabama. Defendant Merck can be served through its registered agent: Corporation Process Company, 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36109.

      5.     Based upon information and belief, Defendant Anne Brandon is a district sales manager for Defendant Merck, and is a resident of Tuscaloosa County, Alabama. Defendant Anne Brandon can be served at her home address: 7 Lauderhill, Tuscaloosa, AL 35406.

6.     Based upon information and belief, Defendant Lamonde Russell is a sales representative for Defendant Merck, and is a resident of Shelby County, Alabama. Defendant Lamonde Russell can be served at his home address: 102 Amanda Place, Pelham, AL 35124.

7.     Fictitious Defendants A, B, C & D, are other legal persons (including retailers, pharmacies, sales representatives and manufacturers) who manufactured, labeled, advertised, marketed, promoted, sold and/or distributed VIOXX in Alabama.

8.     When the word "Defendants" is used herein, it is meant to refer to all real and fictitious Defendants mentioned in the style of this Complaint, all of whom are jointly and severally liable to Plaintiff for Plaintiff's decedent's injuries and death.

9.     At all times material to this complaint, each Defendant acted as an agent for each of the other Defendants, within the course and scope of the agency, regarding the acts and omissions alleged herein, and are therefore jointly and severally liable to Plaintiff for Plaintiff's decedent's injuries and death.

### Statement Of The Facts

10.     This is a civil action brought by the Plaintiff, Rosemary Leverett, both individually and on behalf of her husband, Hugh Robert Leverett, deceased. Hugh Robert Leverett was prescribed and used the prescription medication VIOXX (Rofecoxib) for approximately 14 months and said use of the drug VIOXX by him caused him to suffer a heart attack and die suddenly and unexpectedly on January 7, 2004.

11.     Personal jurisdiction and subject matter jurisdiction are appropriate in this court to all Defendants, as all Defendants have sold VIOXX in Alabama, in or near Tallapoosa County, either directly or by agent, with the actual or constructive knowledge that the VIOXX they sold

would ultimately be ingested by consumers in the Tallapoosa County, Alabama area, including Hugh Robert Leverett.

12.    The Defendants sold VIOXX in Alabama, in or near Tallapoosa County, either directly or by agent, with knowledge, actual or constructive, that the VIOXX they sold would ultimately be ingested by Hugh Robert Leverett, and Defendants knew or reasonably should have known that Hugh Robert Leverett would be injured, harmed or killed as a result of his ingestion of VIOXX. Venue is proper in Montgomery County as to all Defendants pursuant to Ala. Code Ann. § 6-3-2 (1975). The claims set forth herein satisfy the jurisdictional requirements of this Court.

13.    VIOXX (Rofecoxib) was a prescription drug designed to treat pain through reduced inflammation; VIOXX (Rofecoxib) was a COX-2 selective non-steroidal anti-inflammatory drug (NSAID). Defendants did manufacture, design, package, market, sell and distribute this drug. The Defendants encouraged the use of this drug through an aggressive marketing campaign, including through its detail sales representatives and direct-to-consumers. Defendants misrepresented the safety and efficacy of its drug and concealed or understated its dangerous side effects. Defendants' actions combined, concurred and contributed to cause Alicia Struthers' injuries and death. Defendants are jointly and severally liable, as more specifically set forth herein, for the death caused to Hugh Robert Leverett and the damages suffered to his estate and his surviving wife, Rosemary Leverett.

14.    At all times relevant hereto, Defendants actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by these products. Defendants'

- 4 -

conduct exhibited such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiff's decedent's individual rights; hence, punitive damages are appropriate, just, and warranted under the facts and circumstances of this cause and in accordance with the Wrongful Death Statute of Alabama.

15.    Hugh Robert Leverett was prescribed and used the prescription medication VIOXX (Rofecoxib) for approximately 14 months before suffering a fatal heart attack on January 7, 2004.    Hugh Robert Leverett ingested the prescription medication VIOXX (Rofecoxib) in Tallapoosa County, Alabama and the damages and injuries resulting from his use of the prescription medication VIOXX (Rofecoxib) occurred in Tallapoosa County, Alabama. Hugh Robert Leverett was 57 years old at the time of his death.

### COUNT I – STRICT LIABILITY

16.    Plaintiff realleges all prior paragraphs of this complaint as if fully set out herein.

17.    The pharmaceutical VIOXX (Rofecoxib), designed, manufactured, sold and/or supplied by Defendant Merck, was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into account the utility of the product and the risk involved in its use.

18.    Further, the pharmaceutical VIOXX (Rofecoxib), designed, manufactured, distributed, sold and/or supplied by Defendant Merck, was defective in its marketing due to inadequate warnings or instructions, independently and when coupled with the drug company's aggressive marketing campaign.

19.    The pharmaceutical VIOXX (Rofecoxib), designed, manufactured, distributed, sold, and/or supplied by Defendant Merck, was defective due to inadequate testing.

20.    Additionally, Defendant Merck failed to provide timely and adequate warnings or instructions after the manufacturer knew of the risks of injury and death to those who might take the drug VIOXX (Rofecoxib).  The defective nature of this product was the sole cause or was a significant contributing cause to the death of Hugh Robert Leverett.

WHEREFORE, the Plaintiff demands a money judgment against Defendant Merck in such an amount as a jury deems reasonable, just and appropriate, and seeks interest and the costs of these proceedings.

## COUNT II – NEGLIGENCE

21.    Plaintiff realleges all prior paragraphs of this complaint as if fully set out herein.

22.    Defendant Merck had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of VIOXX (Rofecoxib) into the stream of commerce.  Defendant Merck failed to exercise ordinary care in the design, manufacture, marketing, sale, testing and/or distribution of VIOXX (Rofecoxib) into the stream of commerce. Defendant Merck knew or reasonably should have known that VIOXX (Rofecoxib) created an unreasonable risk of bodily harm or injury, including the risk of death, to those who would and did take its drug.

23.    Despite the fact that the Defendant Merck knew or reasonably should have known that VIOXX (Rofecoxib) created unreasonably, dangerous side effects and risks, which many users would be unable to remedy by any means, the Defendant Merck continued to market VIOXX (Rofecoxib) to the consuming public when there were adequate and safer alternative methods of treatment or opportunities for more meaningful warnings.

24.    Defendant Merck knew or reasonably should have known that consumers such as Hugh Robert Leverett would foreseeably suffer injury or death as a result of its failure to

exercise ordinary care as described herein. Defendant Merck's conduct was the sole cause or was a significant contributing cause to the death of Hugh Robert Leverett.

WHEREFORE, the Plaintiff demands a money judgment against Defendant Merck in such an amount as a jury deems reasonable, just and appropriate, and seeks interest and the costs of these proceedings.

## COUNT III – BREACH OF EXPRESS WARRANTY

25.    Plaintiff realleges all prior paragraphs of this complaint as if fully set out hereto.

26.    Defendants, jointly and severally, made express representations to Hugh Robert Leverett relative to its product, VIOXX (Rofecoxib), directly and/or through his prescribing physician.

27.    More specifically, Defendant Merck, through its detail sales representatives or through direct-to-consumer advertising, made misrepresentations regarding the safety and efficacy of its product, VIOXX (Rofecoxib).

28.    VIOXX (Rofecoxib) does not conform to the express representations made to prescribing physicians and the consuming public, including Hugh Robert Leverett.

29.    Likewise, VIOXX (Rofecoxib) does not conform to the express representations made by the Defendant Merck's agents/sales representatives.

30.    Defendants' conduct in this matter was the sole cause or was a significant contributing cause of the death of Hugh Robert Leverett.

WHEREFORE, the Plaintiff demands a money judgment against Defendant Merck and the other named and fictitious Defendants in such an amount as a jury deems reasonable, just and appropriate, and seeks interest and the costs of these proceedings.

## COUNT IV – BREACH OF IMPLIED WARRANTY

31.    Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

32.    At the time Defendant Merck marketed, sold and distributed VIOXX (Rofecoxib) for use by the general consuming public, including Hugh Robert Leverett, the Defendant knew of the use for which VIOXX (Rofecoxib) was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

33.    Alicia Struthers reasonably relied upon the skill and judgment of Defendant Merck as to whether VIOXX (Rofecoxib) was of merchantable quality, and safe and fit for its intended use.

34.    Contrary to such implied warranty, VIOXX (Rofecoxib) was not of merchantable quality, or safe or fit for its intended use, because the product was unreasonably dangerous and unfit for the ordinary purposes for which they were intended and used as described above.

35.    Defendant's conduct in this regard was the sole or was a significant contributing cause of the death of Hugh Robert Leverett.

WHEREFORE, the Plaintiff demands a money judgment against Defendant Merck and the other named and fictitious Defendants in such an amount as a jury deems reasonable, just and appropriate, and seeks interest and the costs of these proceedings.

## COUNT V – FRAUD

36.    Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

37.    Defendants negligently, recklessly, intentionally and fraudulently made material misrepresentations that VIOXX (Rofecoxib) was safe and effective.  Defendants represented VIOXX (Rofecoxib) as safe so that prescribing physicians and the general consuming public,

including Hugh Robert Leverett, would rely upon said representations when prescribing or purchasing said product.

38.     Prior to and following the introduction of VIOXX (Rofecoxib) into the market as a prescribable pharmaceutical medication, Defendants set in motion a campaign to market its product.  Defendants' representations made concerning VIOXX (Rofecoxib) as a safe and effective drug were made so that Hugh Robert Leverett, the general consuming public, and prescribing physicians would rely on said representations and take the drug.  In fact, Hugh Robert Leverett's prescribing physician and Hugh Robert Leverett did rely on Defendants' representations in this regard.  Hugh Robert Leverett's prescribing physician prescribed the drug as a safe NSAID, and Hugh Robert Leverett took the drug in full reliance that the drug was safe and effective for its intended purpose.

39.     At the time Defendants made these representations, however, they were aware that these representations were false and said Defendants, with full knowledge of the falsity of the representations, made the representations with reckless disregard to the falsity thereof.  As a result of Defendants' fraudulent conduct and misrepresentation, Hugh Robert Leverett suffered a serious cardiac event and resulting death.

WHEREFORE, the Plaintiff demands a money judgment against Defendant Merck and the other and the other named and fictitious Defendants in such an amount as a jury deems reasonable, just and appropriate, and seeks interest and the costs of these proceedings.

## COUNT VI – FRAUDULENT MISREPRESENTATION

40.     Plaintiff realleges and incorporates the original complaint and all prior paragraphs of this amended complaint as if fully set out herein.

41.    Defendant Merck trained its sales representatives, through programs such as the "VIOXX Obstacle Dodge Ball Program," the "Obstacle Response Guide for VIOXX" and "Top Ten Obstacle Handlers" to misstate and misrepresent the truly dangerous nature of VIOXX to prescribing physicians.

42.    These programs were specifically designed and promulgated by Defendant Merck to train Merck sales representatives such as the individual defendants Anne Brandon and Lamonde Russell to mislead prescribing physicians about the safety of VIOXX.

43.    These programs were specifically designed and promulgated by Defendant Merck to mislead prescribing physicians about the life threatening side effects, including myocardial infarction and sudden cardiac death, of VIOXX.

44.    Defendant Merck trained its sales representative force, including Anne Brandon and Lamonde Russell, to utilize its "Dodge Ball" and "Obstacle Avoidance" programs during the sales representatives' interactions with or "calls" upon prescribing physicians.

45.    These programs were utilized by sales representatives Anne Brandon and Lamonde Russell to "dodge" relevant safety questions by physicians to whom they sold VIOXX. Indeed, these programs provided specific responses and representations that were to be made by Merck sales representatives to physicians during sales calls or in response to physician questions. These Merck mandated responses misrepresented the safety of VIOXX.

46.    The VIOXX Obstacle Dodge Ball Program identifies and categorizes physician safety questions as "obstacles" to Merck's sales force. (Exhibit A). The "Dodge Ball" program specifically instructs sales representatives, including Anne Brandon and Lamonde Russell, to "dodge" these physician safety related questions/obstacles. Indeed, the last few pages of the "Dodge Ball" instruction manual simply state "DODGE," "DODGE," and "DODGE." Id. The

safety questions to be "dodged" by sales representatives, including Anne Brandon and Lamonde Russell, include, inter alia, questions such as, "I am concerned about the cardiovascular effects of VIOXX," and "The competition has been in my office telling me that the incidence of heart attacks is greater with VIOXX than Celebrex." Id.

47.    Additional sales representative guidelines provide specific answers to physician questions/obstacles (such as those noted above) that were to be recited by sales representatives, including Anne Brandon and Lamonde Russell. (Exhibits B and C). Exhibit C outlines the "Top Ten Obstacle Handlers" for sales representatives (Exhibit C). The top three "obstacles" listed on the sales guidelines are physician safety questions involving VIOXX related "Cardiovascular Events." (Exhibit C). Sales representatives, including, Anne Brandon and Lamonde Russell were thereafter provided with specific misrepresentations to make to the concerned physicians about the safety of VIOXX. For example, bulletins from Merck to its sales representatives state, "in response to recent published reports about VIOXX on May 1, 2000, we provided you with an approved verbal response to use to address customers questions around the incidence rate of MI's [myocardial infarctions] on patients taking VIOXX..." (Exhibit D: Bulletin for VIOXX: New PIRs Relative to VIOXX GI Outcomes Research Study.) Sales representatives, such as, Anne Brandon and Lamonde Russell were therefore required to misrepresent that VIOXX does not increase the rate of myocardial infarctions' when compared with NSAID's. This misrepresentation was false and inaccurate, yet was intentionally, knowingly, recklessly, wantonly and/or negligently made to treating physicians, including Hugh Robert Leverett's prescribing physician, by the individually named sales representatives, Anne Brandon and Lamonde Russell. (Exhibit C, Obstacle Response 38; and Exhibit E, page 7; "Bulletin for VIOXX").

48.    Defendant Merck's sales representatives, specifically, Anne Brandon and Lamonde Russell utilized the misrepresentations contained in the obstacle avoidance programs to mislead William's treating physician concerning the safety of VIOXX and the occurrence of life threatening side effects, such as myocardial infarctions and sudden cardiac deaths, from the usage of VIOXX.

49.    Defendant Merck and the individually named sales representatives further misrepresented the safety of VIOXX to prescribing physicians by providing written literature to the doctors that contained false statements about VIOXX's safety.  Such literature would be forwarded to the physician who posed questions/obstacles to the sales representatives after the sales representatives had concluded their meeting with the physicians.  Exhibit G is the specific "In Response To Your Questions" follow-up literature that misrepresents VIOXX's cardiovascular safety.  (Exhibit F; " In Response To Your Questions: Cardiovascular System").

50.    Sales representatives, including Anne Brandon and Lamonde Russell, were also ordered to send follow-up letters to physicians with whom they met who had posed questions/obstacles.  Exhibit G is an example of a form sales representative letter to a questioning physician that misrepresents that VIOXX does not increase the risk of adverse cardiovascular events in users.  (Exhibit G.)

51.    The culture of misrepresenting the safety of VIOXX by Merck and its sales representatives, including Anne Brandon and Lamonde Russell, was so prevalent that the false and misleading "Obstacle Responses" used by the sales force were manipulated and altered in response to media scrutiny concerning the cardiovascular safety of VIOXX.  (Exhibit H: "Action Required: Response to New York Times Article" and Exhibit I: "Action Required" REVISED Response to New York Times Article").  Merck sales representatives utilized such Obstacle

Response Revisions to continually mislead prescribing physicians, including Hugh Robert Leverett's prescribing physician, about the safety hazards of VIOXX.

52.    The underlying inducement for both Merck and its sales representatives, including Anne Brandon and Lamonde Russell, to make repeated misrepresentations to physicians about the safety of VIOXX was, and still is, money. The more doctors prescribing VIOXX, the more money Merck made. The more doctors the sales representatives, such as Anne Brandon and Lamonde Russell, cajoled into prescribing VIOXX, the more money and non-monetary bonuses the sales representatives received. (Exhibits J: "Field Incentive Plan for VIOXX"; and K: "Field Incentive Plan for VIOXX."). Thus, sales representatives, such as Anne Brandon and Lamonde Russell, had a financial interest in propagating and promulgating the false and misleading information (i.e., obstacle responses) outlined above to as many prescribing physicians as possible, including Hugh Robert Leverett's prescribing physician.

53.    Both Hugh Robert Leverett and his prescribing physician reasonably relied, to their detriment, upon the false oral and written misrepresentations of Merck, Anne Brandon and Lamonde Russell concerning the safety of VIOXX and the absence of adverse cardiovascular events in users. Such reasonable reliance induced Hugh Robert Leverett's treating physician to prescribe him VIOXX and further induced Hugh Robert Leverett to utilize the dangerous drug VIOXX. As a direct and proximate result of Alicia Struthers' usage of VIOXX he suffered a heart attack and died.

WHEREFORE, the Plaintiff demands a money judgment against Defendant Merck and the other and the other named and fictitious Defendants in such an amount as a jury deems reasonable, just and appropriate, and seeks interest and the costs of these proceedings.

- 13 -

## COUNT VII – WRONGFUL DEATH

54.     Plaintiff repeats and realleges each of the allegations contained in the Complaint as if fully set forth herein.

55.     Plaintiff brings this claim on her behalf and on behalf of Hugh Robert Leverett, deceased.

56.     As a direct and proximate result of the conduct of Defendants and/or the defective nature of VIOXX (Rofecoxib), Hugh Robert Leverett suffered bodily injury and resulting pain and anguish, loss of capacity of the enjoyment of life, shortened life expectancy, expenses of hospitalization, medical nursing care and treatment, loss of earnings, loss of ability to earn money, and premature death.

57.     As a direct and proximate result of Defendants' wrongful conduct, Hugh Robert Leverett incurred hospital, nursing, and medical expenses.  Hugh Robert Leverett's beneficiaries have incurred hospital, nursing, medical, funeral and estate administration expenses as a result of his death.

58.     By reason of the foregoing, Plaintiff has been damaged by the negligent, wantonness, willfulness and recklessness of these Defendants.

WHEREFORE, the Plaintiff demands a money judgment against Defendant Merck and the other named and fictitious Defendants in such an amount as a jury deems reasonable, just and appropriate, and seeks interest and the costs of these proceedings.

## VIII – LOSS OF CONSORTIUM

59.     Plaintiff realleges all prior paragraphs of this complaint as if fully set out herein.

60.     Alabama recognizes a spouse's claim for loss of consortium where, due to injury or death, a spouse has been deprived of the services of the other spouse.  Loss of consortium

- 14 -

encompasses two basic elements of the marital relationship: loss of support and loss of society, which includes companionship.

61.    At the time of his death, Hugh Robert Leverett and Rosemary Leverett were legally married under the laws of the State of Alabama.

62.    Due to the injuries and death of Hugh Robert Leverett, the Plaintiff Rosemar Leverett has suffered and will continue to suffer a loss of the love, support and consortium of her husband.

WHEREFORE, the Plaintiff demands a money judgment against Defendant Merck and the other named and fictitious Defendants in such an amount as a jury deems reasonable, just and appropriate, and seeks interest and the costs of these proceedings.

## DAMAGES

63.    Upon the trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages as a direct and proximate result of Defendants' conduct, individually, separately, and in concert; and Plaintiff would respectfully request the Court and jury to determine the amount of loss Plaintiff has suffered and incurred, in the past and in the future, not only from a financial standpoint, but also from the loss of the consortium and companionship of her husband.

64.    At all times relevant hereto, Defendants actually knew of the defective nature of their product as herein set forth and continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the public health and safety in conscious disregard of the foreseeable harm caused by this product. Defendants' conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill-will, recklessness, gross negligence, or willful or intentional disregard of the Plaintiff's

individual rights. The Plaintiff, therefore, is entitled to punitive damages from the corporate and individual Defendants, as more specifically set forth herein.

65.     Plaintiff hereby requests a trial by jury on all issues in this case and hereby

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Defendants be cited to appear and answer herein; that upon final trial herein, Plaintiff recovers damages as set forth above from Defendants, including cost of Court, pre-judgment and post-judgment interest at the legal rates, and punitive damages, and that Plaintiff receive such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and attending circumstances.

Done this ___4th___ day of ___January___, 2006.

ANDY D. BIRCHFIELD, JR. (BIR006)
J. PAUL SIZEMORE (SIZ004)
Attorneys for Plaintiff

**OF COUNSEL:**

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160
Phone: (334) 269-2343
Fax:     (334) 223-1236

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES**