UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GLORIA HERNANDEZ,

    Plaintiff,

-vs-                       Case No. 6:05-cv-221-Orl-31KRS

MERCK & CO., INC., GENA ORTEGA
f/k/a Gena Ghazzi & JOHN E. (JACK)
KILKELLY,

    Defendants.

_____

## ORDER

This matter comes before the Court on the Plaintiff, Gloria Hernandez's ("Plaintiff") Motion to Remand (Doc. 7) (the "Motion") and the Defendant, Merck & Co., Inc.'s ("Merck") Memorandum of Law in Opposition thereto (Doc. 14). The Plaintiff also filed a Notice of Supplemental Authority (Doc. 17), to which Merck filed a Response (Doc. 18). For the reasons stated herein, the Plaintiff's Motion is denied.

**I.    Background**

On January 12, 2005, the Plaintiff filed a Complaint (Doc. 3) against Merck, Gena Ortega ("Ortega"), and John Kilkelly ("Kilkelly") (collectively referred to, where appropriate, as the "Defendants") in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida alleging, *inter alia*, negligence, negligent misrepresentation, and fraud against all of the Defendants. In essence, the Plaintiff alleges that certain cardiovascular risks were associated with the use of Vioxx, and that the Defendants knew or should have known of those risks. The Plaintiff

EXHIBIT G

M005119763

further alleges that despite their knowledge, the Defendants promoted the use of Vioxx, and, in the course of promoting its use, concealed its dangerous qualities, misrepresented the risks associated with its use, and failed to warn prescribing physicians of those risks.

Merck removed the case to this Court on February 14, 2005,[1] alleging that the Plaintiff fraudulently joined Ortega and Kilkelly, that Ortega and Kilkelly are not proper defendants, and thus that this Court has diversity jurisdiction over this case.[2]

On February 15, 2005, the Plaintiff filed her Motion, arguing that the case should be remanded on the basis of offensive collateral estoppel arising from two decisions in this District granting remand in cases with different plaintiffs but the same Defendants, and, in the alternative, that Merck could not show that Ortega and Kilkelly were fraudulently joined.

Merck now asserts that offensive collateral estoppel does not apply to this case, and that it can prove fraudulent joinder, and thus seeks a denial of the Plaintiff's Motion.

II.    Legal Analysis

A. Offensive Collateral Estoppel

A party properly invokes collateral estoppel when "the issue in the subsequent proceeding is identical to the one involved in the prior action, the issue was actually litigated, and the determination of the issue was necessary in the prior action." *Cotton States Mutual Ins. Co. v.*

---

[1] Merck's Notice of Removal appears at Doc. 1.

[2] The Plaintiff is a resident of Orange County, Florida. Merck is a New Jersey corporation that is authorized to conduct business in Florida. At all times material to this case, Merck was engaged in the business of developing, manufacturing, selling and promoting Vioxx for consumer use by prescription. Ortega and Kilkelly are residents of the State of Florida. Ortega and Kilkelly were employed by Merck as sales representatives or managers to promote, and to encourage physicians to prescribe, Vioxx. It is thus clear that if Ortega and Kilkelly are proper defendants, this Court will not have diversity jurisdiction over this case under 28 U.S.C. § 1332.

*Anderson*, 749 F.2d 663, 666 (11th Cir. 1984) (internal citation and quotation omitted). The offensive use of collateral estoppel "occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.4 (1979). Courts have broad discretion in determining whether offensive collateral estoppel is appropriate. *Id.* at 331; *Cotton States*, 749 F.2d at 666.

The issue here is whether to apply the doctrine of offensive collateral estoppel to orders issued by courts in this District remanding under 28 U.S.C. section 1447(c) cases, similar to the Plaintiff's, filed against these same Defendants.[3] Courts are reluctant to apply doctrines of preclusion where an issue is not reviewable on appeal. *Warner/Elektra/Atlantic Corp. v. County of DuPage*, 991 F.2d 1280, 1282 (7th Cir. 1993) ("an unappealable finding does not collaterally estop"); *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2nd Cir. 1986) ("inability to obtain appellate review . . . does prevent preclusion"). It is clear that "[u]nder 28 U.S.C. § 1447(d), an order remanding an action to state court pursuant to § 1447(c) is not reviewable on appeal or otherwise, even if the remand order is clearly erroneous."[4] *Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1291 (11th Cir. 2000); *see also Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002).

---

[3] 28 U.S.C. § 1447(c) provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[4] 28 U.S.C. § 1447(d) provides, in relevant part, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."

-3-

The orders upon which the Plaintiff seeks to rely to collaterally estop Merck are orders from courts in this District in the cases of *Kozic v. Merck & Co., Inc., Gena Ghazzi and John E. (Jack) Kilkelly*, Case No. 8:04-CV-324-T-27TBM ("*Kozic*"),[5] and *White v. Merck & Co., Inc., Gena Ortega f/k/a Gena Ghazzi and John E. (Jack) Kilkelly*, Case No. 8:05-CV-243-T-26MSS ("*White*"), which found that the plaintiff in those cases had not fraudulently joined Ortega and Kilkelly as defendants, and thus those courts remanded the cases to state court pursuant to 28 U.S.C. section 1447(c).[6] Therefore, because the Plaintiff seeks to collaterally estop Merck from asserting fraudulent joinder based on non-reviewable remand orders, offensive collateral estoppel is not appropriate, and Merck is entitled to assert its claim of fraudulent joinder before this Court.[7]

B. Fraudulent Joinder

Merck seeks to prevent the remand of this case to state court by alleging that Ortega and Kilkelly were fraudulently joined as defendants and, as such, do not defeat this Court's diversity jurisdiction. When alleging fraudulent joinder, "the removing party has the burden of proving that either: (1) there is no possibility that the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the

---

[5] Gena Ortega was formerly known as Gena Ghazzi. Doc. 3 at 1.

[6] Although neither order is specific as to the statutory basis for remand, in both cases the plaintiff moved for remand pursuant to 28 U.S.C. § 1447(c), and thus the Court assumes that each case was remanded pursuant to that section. *See Kozic*, Doc. 6 at 1; *White*, Doc. 9 at 1.

[7] Moreover, in both *Kozic* and *White*, Merck did not raise the issue, contained in the Declarations of Ortega and Kilkelly (Doc. 18 at Ex. A and B), that neither Ortega nor Kilkelly ever communicated with either the plaintiff or the plaintiff's prescribing physician. Therefore, the issue to be addressed here is not identical to the issue in *Kozic* and *White*, nor was that issue previously litigated, and thus collateral estoppel is not appropriate in this case.

-4-

M005119766

resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).[2] The burden on the removing party is a heavy one. *Id.* To determine whether the case should be remanded, the Court evaluates the factual allegations in the light most favorable to the plaintiff, and resolves any uncertainties about state substantive law in the plaintiff's favor. *Id.*; *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). These determinations are made based on the plaintiff's pleadings at the time of removal. *Crowe*, 113 F.3d at 1538; *Cabalceta*, 883 F.2d at 1561. In addition to the plaintiff's pleadings, the Court may consider evidence such as affidavits and depositions submitted by the parties. *Crowe*, 113 F.3d at 1538; *Cabalceta*, 883 F.2d at 1561.

The Court will not weigh the merits of the Plaintiff's claim, other than to determine whether the Plaintiff has an arguable claim under state law. *Crowe*, 113 F.3d at 1538. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (internal citation and quotation omitted); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.") (emphasis in original).

To determine whether the Plaintiff can establish a cause of action against either Ortega or Kilkelly under Florida law, the Court examines the Complaint (Doc. 3). In Count II, the Plaintiff

---

[2] Merck asserts that the Plaintiff cannot establish a cause of action against Ortega and Kilkelly, and does not raise the issue of fraudulently pled jurisdictional facts. Therefore, the second category of fraudulent joinder as outlined in *Crowe* is not at issue here.

-5-

M00511976

asserts a claim for negligence against the Defendants, claiming that the Defendants knew or should have known of the risks associated with Vioxx, and despite that knowledge the Defendants advertised, marketed, sold and distributed Vioxx, failed to adequately and accurately warn prescribing physicians of the risks associated with Vioxx, and concealed the dangerous properties of Vioxx. (Doc. 3 at 8-9). The Plaintiff asserts a claim for negligent misrepresentation against the Defendants in Count III, claiming that the Defendants knew or should have known of the risks associated with Vioxx, and despite that knowledge the Defendants advertised, marketed, sold and distributed Vioxx, the Defendants misrepresented to the Plaintiff and to her prescribing physician the safety and effectiveness of Vioxx, and the Defendants made these representations and concealed adverse information despite their knowledge of the risks associated with Vioxx. (*Id.* at 10-11). In Count IV, the Plaintiff asserts a claim for fraud against the Defendants, claiming that although the Defendants knew of the risks associated with Vioxx, the Defendants fraudulently or intentionally misrepresented to the Plaintiff and to the Plaintiff's prescribing physician the safety and effectiveness of Vioxx, and that the Defendants knew their representations were false. (*Id.* at 12-15).

After filing a Memorandum in Opposition to Remand (Doc. 14), Merck filed a Supplement in Support of Removal (Doc. 18), to which Merck attached sworn Declarations from Ortega and Kilkelly. (Doc. 18, Ex. A and B, respectively). In those declarations, Ortega and Kilkelly swear to several things, including: (1) each worked for Merck as a Professional Representative in the Tampa, Florida District; (2) that district does not include either Orange County or Orlando; (3)

M005119768

neither Ortega nor Kilkelly ever had any contact with Dr. Iraj Ghahreman Lou ("Dr. Lou");[9] (4) neither Ortega nor Kilkelly ever supervised any other professional representative for Merck who ever discussed Vioxx with Dr. Lou; and (5) neither Ortega nor Kilkelly ever spoke with the Plaintiff about Vioxx. (*Id.*). The Plaintiff has not offered evidence in opposition to these statements. The Court will therefore examine whether the Plaintiff can state a claim against Ortega and/or Kilkelly in light of the information contained in their Declarations.

*1. Negligence (Count II)*

The elements for a negligence claim in Florida are duty, breach, harm, and proximate cause. *Lisanti v. City of Port Richey*, 787 So. 2d 36, 37 (Fla. 2d DCA 2001). In the context of claims against manufacturers arising from damages allegedly caused by the manufacturer's failure to warn of the risks associated with prescription drugs, Florida follows the "learned intermediary" doctrine, which means that the manufacturer's duty to warn of a drug's dangerous side effects is directed to the prescribing physician rather than the patient. *Felix v. Hoffmann-LaRoche, Inc.*, 540 So. 2d 102, 104 (Fla. 1989); *see also Mitchell v. VLI Corp.*, 786 F. Supp. 966, 970 (M.D. Fla. 1992). In this case, then, any duty to warn of the alleged risks associated with Vioxx would have flowed to Dr. Lou, the Plaintiff's prescribing physician. However, the Declarations of Ortega and Kilkelly clearly show that neither of them, either directly or through representatives under their supervision, communicated with Dr. Lou either in general or specifically about Vioxx. Thus, neither Ortega nor Kilkelly had a duty to warn Dr. Lou, and in the absence of a duty, the Plaintiff

---

[9] Merck identifies Dr. Lou as the Plaintiff's prescribing physician because Dr. Lou is the only medical provider the Plaintiff identifies in her discovery requests. (Doc. 18 at 3, Ex. C). In her pleadings and filings with this Court, the Plaintiff simply refers to a "prescribing physician," without naming that individual.

-7-

cannot prove a claim for negligence.[10] *See Whitt v. Silverman*, 788 So. 2d 210, 221 (Fla. 2001) (duty is a threshold requirement).

*2. Negligent Misrepresentation (Count III)*

To prove negligent misrepresentation, a plaintiff must prove four elements: (1) the existence of a material misrepresentation; (2) that the representation was made under circumstances in which the representor either knew of the misrepresentation, was without knowledge as to its truth or falsity, or should have known of its falsity; (3) that the representor intended to induce reliance; and (4) the plaintiff justifiably relied on the defendant representor's representation to the plaintiff's detriment. *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1503-1505 (11th Cir. 1993); *Atlantic Nat'l Bank of Fla. v. Vest*, 480 So. 2d 1328, 1331-32 (Fla. 2d DCA 1985). Liability is limited to the loss suffered:

> (a) by the person or one of a limited group of persons for whose benefit and guidance [the representor] intends to supply the information or knows that the recipient intends to supply it; and (b) through reliance upon it in a transaction that [the representor] intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

*Gilchrist Timber v. ITT Rayonier, Inc.*, 696 So. 2d 334, 337 (Fla. 1997) (*citing* Restatement (Second) of Torts § 552 (1977)). Returning to Ortega's and Kilkelly's Declarations, it is clear that neither of them communicated either directly with the Plaintiff or indirectly with her via communications to Dr. Lou. Therefore, Ortega and Kilkelly do not fall within the ambit of liability as prescribed by the Florida Supreme Court in *Gilchrist*, because neither the Plaintiff nor

---

[10] Even if the "learned intermediary" doctrine did not apply, the Plaintiff would still be unable to prove that Ortega and Kilkelly owed her a duty, because their Declarations clearly establish that not only did they not communicate with Dr. Lou, but they never communicated directly with the Plaintiff.

-8-

M0051197770

Dr. Lou falls within the limited category of persons to whom Ortega and Kilkelly would be liable for misrepresentations, namely that "that limited group of persons for whose benefit and guidance [Ortega and Kilkelly] intend[ed] to supply the information or [knew] that the recipient intend[ed] to supply it." *Gilchrist*, 696 So.2d at 337. Thus the Plaintiff cannot prove a claim of negligent misrepresentation against either Ortega or Kilkelly.[11]

*3. Fraud (Count IV)*

To state a claim for fraudulent misrepresentation under Florida law, the plaintiff must allege: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Elders v. United Methodist Church*, 793 So. 2d 1038, 1042 (Fla. 3rd DCA 2001) (internal citation and quotation omitted). This claim must fail for the same reason as the Plaintiff's claim for negligent misrepresentation: Merck has offered undisputed evidence that neither Ortega nor Kilkelly communicated with either the Plaintiff or Dr. Lou, and in the absence of such communication, there can be no fraudulent misrepresentation.[12]

---

[11] The case of *Albertson v. Richardson-Merrell, Inc.*, 441 So. 2d 1146 (Fla. 4th DCA 1983), does not require a different conclusion. As described by that court, the decision in that case is squarely based on the circumstances where "[a] drug manufacturer's detail man makes representations to a physician caring for a pregnant woman." *Id.* at 1149. In *Albertson*, in direct contrast to the facts of the instant case, it was undisputed that the manufacturer's agent made representations to the plaintiff's physician.

[12] Alternatively, the Plaintiff has failed to state a claim for fraud against both Ortega and Kilkelly. Under Florida law, fraud must be pled with particularity. *Morgan v. W.R. Grace & Co.-Conn.*, 779 So. 2d 503, 506 (Fla. 2d DCA 2000); *Robertson v. PHF Life Ins. Co.*, 702 So. 2d 555, 556 (Fla. 1st DCA 1997). A plaintiff must particularly allege specific misrepresentations or omissions of fact, the time, place and manner in which the misrepresentations were made, and how those

-9-

After examining the Plaintiff's claims in light of the undisputed evidence Merck offered in the form of the sworn Declarations of Ortega and Kilkelly, the Court finds that the Plaintiff cannot state a claim for negligence, negligent misrepresentation or fraudulent misrepresentation against either Ortega or Kilkelly under Florida law. Therefore, Ortega and Kilkelly were fraudulently joined as defendants. *Kimmons v. IMC Fertilizer, Inc.*, 844 F. Supp. 738, 739 (M.D. Fla. 1994). Because the joinder of Ortega and Kilkelly was fraudulent, it does not defeat this Court's diversity jurisdiction. *Id.* Therefore, this case should not be remanded to state court. Moreover, because Ortega and Kilkelly were fraudulently joined, they should be dismissed as defendants. *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (it is appropriate for a federal court to dismiss . . . a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant); *Tran v. Waste Mgmt., Inc.*, 290 F. Supp. 2d 1286, 1292 (M.D. Fla. 2003).

### III. Conclusion

Because an order of remand is not an appealable order, Merck was not precluded from raising the issue of fraudulent joinder before this Court. The Plaintiff will not be able to prove her

---

misrepresentations were false or misleading. *Robertson*, 702 So. 2d at 556. The Plaintiff has failed to allege what specific misrepresentations either Ortega or Kilkelly made to Dr. Lou or to the Plaintiff; the allegation that certain statements referred to in a warning letter to Merck were made to "the plaintiff and/or plaintiff's prescribing physician" is clearly deficient. Nor does the Plaintiff allege who made particular misrepresentations, when and where those misrepresentations were made, or how each misrepresentation was false or misleading. Further, in light of the Ortega and Kilkelly Declarations, the Plaintiff will not be able to prove that such statements were made either to her or to her prescribing physician. Finally, the requirement that fraud be pled with particularity also applies to claims for negligent misrepresentation. *Morgan*, 779 So. 2d at 506. Based on the reasoning discussed above, the Plaintiff will not be able to prove a claim for negligent misrepresentation, and for this reason, in addition to the discussion in Section II(B)(2), *supra*, that claim must fail.

state law claims of negligence, negligent misrepresentation and fraudulent misrepresentation against either Ortega or Kilkelly, and therefore these individuals were fraudulently joined as defendants. Therefore, Ortega and Kilkelly will be dismissed as defendants, and this case will not be remanded to state court. Accordingly, it is

ORDERED THAT the Plaintiff's Motion for Remand (Doc. 7) is DENIED, and Ortega and Kilkelly are DISMISSED as defendants.

DONE and ORDERED in Chambers, Orlando, Florida on May 3, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party