IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2006 FEB -9  A 11: 07

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

cv3:06cv128-DRB

| | |
|---|---|
| ROSEMARY LEVERETT, Individually, and as Executrix of the Estate of HUGH ROBERT LEVERETT, deceased, | * <br> * <br> * <br> * |
| Plaintiff, | * <br> * |
| v. | * <br> * |
| MERCK & CO., INC., a foreign Corporation; ANNE BRANDON, an Individual; LAMONDE RUSSELL, an Individual; and fictitious defendants A, B, C & D, being those persons, firms Or Corporations whose fraud, scheme to defraud, and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to Plaintiff, but will be substituted by amendment when ascertained. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## ANSWER AND JURY DEMAND
## OF DEFENDANT MERCK & CO., INC.

COMES NOW, Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, and answers Plaintiff's Complaint ("Complaint") herein as follows:

## RESPONSE TO "STATEMENT OF THE PARTIES"

(1)    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information set forth in paragraph 1 of the Complaint, except denies that Plaintiff is the proper party to bring this action.

1

(2)     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information set forth in paragraph 2 of the Complaint, except denies that Plaintiff is the proper party to bring this action.

(3)     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information set forth in paragraph 3 of the Complaint.

(4)     Merck denies each and every allegation set forth in paragraph 4 of the Complaint except admits Merck is a New Jersey corporation with its principal place of business in New Jersey and that Merck is authorized to do business in Alabama.  Merck further admits that it manufactured, marketed and distributed the prescription medication Vioxx® until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

(5)     Merck denies each and every allegation set forth in paragraph 5 of the Complaint except admits that Defendant Anne Brandon is a sales manager for Defendant Merck and admits, on information and belief, that Ms. Brandon lives at 7 Lauderhill, Tuscaloosa, AL 35406.

(6)     Merck denies each and every allegation set forth in paragraph 6 of the Complaint except admits that Defendant Lamonde Russell is a professional representative for Defendant Merck and admits, on information and belief, that Mr. Russell lives at 102 Amanda Place, Pelham, AL 35124.

2

(7)    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information set forth in paragraph 7 of the Complaint.

(8)    The allegations set forth in paragraph 8 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies the allegations in paragraph 8 of the Complaint.

(9)    The allegations set forth in paragraph 9 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies the allegations in paragraph 9 of the Complaint.

## RESPONSE TO "STATEMENT OF THE FACTS"

(10)    Merck denies the allegation in paragraph 10 of the Complaint that the use of prescription medicine Vioxx caused the deceased's heart attack. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining information set forth in paragraph 10 of the Complaint.

(11)    Some of the allegations set forth in paragraph 11 of the Complaint are legal conclusions as to which no responsive pleading is required. Merck denies each and every allegation set forth in said paragraph.

(12)   Merck denies each and every allegation set forth in the first sentence of paragraph 12 of the Complaint except admits that Vioxx was sold in Alabama.   The allegations set forth in the second and third sentences of said paragraph are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said sentences.

(13)   Merck denies each and every allegation set forth  in paragraph 13 of the Complaint except admits that Vioxx is the brand name for Rofecoxib, that Vioxx is part of a class of medicines known as NSAIDs, that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

(14)   Merck denies each and every allegation set forth  in paragraph 14 of the Complaint except admits that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.  Merck further admits that it manufactured, marketed and distributed Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

(15)   Merck denies that the Plaintiff's decedent's alleged injuries and damages resulted from his ingestion of Vioxx. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of additional allegations set forth in paragraph 15 of the Complaint.

## RESPONSE TO COUNT I – STRICT LIABILITY

(16)   For response to paragraph 16 of the First Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(17)   Merck denies each and every allegation set forth in paragraph 17 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

(18)   Merck denies each and every allegation set forth in paragraph 18 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

(19)   Merck denies each and every allegation set forth in paragraph 19 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

(20)   Merck denies each and every allegation set forth in paragraph 20 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

## COUNT II – NEGLIGENCE

(21)  For response to paragraph 21 of the Second Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(22)  The allegations set forth in the first sentence of paragraph 22 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said sentence.  Merck denies each and every allegation set forth  in the second and third sentences of paragraph 22 of the Complaint.

(23)  Merck denies each and every allegation set forth in paragraph 23 of the Complaint.

(24)  Merck denies each and every allegation set forth in paragraph 24 of the Complaint.

## COUNT III – BREACH OF EXPRESS WARRANTY

(25)  For response to paragraph 25 of the Third Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(26)  Merck denies each and every allegation set forth in paragraph 26 of the Complaint.

(27)  Merck denies each and every allegation set forth in paragraph 27 of the Complaint.

(28)   Merck denies each and every allegation set forth in paragraph 28 of the Complaint.

(29)   Merck denies each and every allegation set forth in paragraph 29 of the Complaint.

(30)   Merck denies each and every allegation set forth in paragraph 30 of the Complaint.

## <u>COUNT IV – BREACH OF IMPLIED WARRANTY</u>

(31)   For response to paragraph 31 of the Fourth Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(32)   The allegations set forth  in paragraph 32 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

(33)   Merck denies each and every allegation set forth in paragraph 33 of the Complaint.

(34)   Merck denies each and every allegation set forth  in paragraph 34 of the Complaint.

(35)   Merck denies each and every allegation set forth in paragraph 35 of the Complaint.

## COUNT V – FRAUD

(36)   For response to paragraph 36 of the Fifth Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(37)   Merck denies each and every allegation set forth in paragraph 37 of the Complaint.

(38)   Merck denies each and every allegation set forth in paragraph 38 of the Complaint.

(39)   Merck denies each and every allegation set forth in paragraph 39 of the Complaint.

## COUNT VI – FRAUDULENT MISREPRESENTATION

(40)   For response to paragraph 40 of the Sixth Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(41)   Merck denies each and every allegation set forth in paragraph 41 of the Complaint, except admits that Merck employs professional representatives.

(42)   Merck denies each and every allegation set forth in paragraph 42 of the Complaint.

(43)   Merck denies each and every allegation set forth in paragraph 43 of the Complaint.

(44)   Merck denies each and every allegation set forth in paragraph 44 of the Complaint, except admits that Merck trains its professional representatives.

(45)   Merck denies each and every allegation set forth in paragraph 45 of the Complaint, except admits that Merck trains its professional representatives.

(46)   Merck denies each and every allegation set forth in paragraph 46 of the Complaint except admits that Plaintiff purports to quote the referenced document but avers that said quotations are taken out of context.

(47)   Merck denies each and every allegation set forth in paragraph 47 of the Complaint except admits that Merck employs professional representatives and that Plaintiff purports to quote the referenced document but avers that said quotations are taken out of context.

(48)   Merck denies each and every allegation set forth in paragraph 48 of the Complaint.

(49)   Merck denies each and every allegation set forth in paragraph 49 of the Complaint.

(50)   Merck denies each and every allegation set forth in paragraph 50 of the Complaint.

(51)  Merck denies each and every allegation set forth in paragraph 51 of the Complaint.

(52)  Merck denies each and every allegation set forth in paragraph 52 of the Complaint.

(53)  Merck denies each and every allegation set forth in paragraph 53 of the Complaint.

## COUNT VII – WRONGFUL DEATH

(54)  For response to paragraph 54 of the Seventh Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(55)  Merck denies each and every allegation set forth  in paragraph 55 of the Complaint, except admits that Plaintiff purports to bring certain claims seeking relief, but denies that Plaintiff is the proper party to bring such claims or that there is any legal or factual basis for awarding the relief sought.

(56)  Merck denies each and every allegation set forth in paragraph 56 of the Complaint.

(57)  Merck denies each and every allegation set forth in paragraph 57 of the Complaint.

(58)  Merck denies each and every allegation set forth in paragraph 58 of the Complaint.

## VIII – LOSS OF CONSORTIUM

(59)   For response to paragraph 59 of the Eighth Cause of Action, Merck adopts its prior averments and responses as if fully set out herein.

(60)   The allegations set forth in paragraph 60 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

(61)   Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information set forth in paragraph 61 of the Complaint.

(62)   Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information set forth in paragraph 62 of the Complaint.

## DAMAGES

(63)   Merck denies each and every allegation set forth  in paragraph 63 of the Complaint except admits that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

(64)   Merck denies each and every allegation set forth  in paragraph 64 of the Complaint except admits that Plaintiff brings this action and purports to

seek monetary damages but denies that there is any legal or factual basis for such relief.

(65) With respect to the Plaintiff's jury demand set forth in paragraph 65 of the Complaint, Merck states that no substantive response is warranted, but Merck hereby demands a trial by jury on all issues so triable in this case.

In response to the "Wherefore" paragraph of the Complaint, Merck denies each and every allegation except admits that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, res judicata, waiver, voluntary payment, or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician(s).

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the Plaintiff's decedent.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff's decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

14

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff's decedent sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's decedent's idiosyncratic reaction, pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and standing to bring such claims, or is not the real party in interest.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A NINETEETH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred under Section 4, *et. seq.,* of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims of fraud or misrepresentation are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity,

17

as required by Federal Rule of Civil Procedure 9(b) and Alabama Rule of Civil Procedure 9(b).

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate the alleged damages.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff makes a claim for punitive damages, Merck asserts that the Plaintiff has not complied with statutory requirements to recover punitive damages.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff's claim may invoke punitive damages, it violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip, 111 S. Ct. 1032, 113 L. Ed. 2d 1.*

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and,

(h)    The Retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(i)    The Plaintiffs' claim of punitive damages violates the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

(1)    It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil Defendant upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

(3)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(5)    The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(j)    The Plaintiffs' attempt to impose punitive or extra-contractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(k)    The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(l)    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of the Constitution of Alabama.

(m)    The award of punitive damages against these defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(n)    The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the defendant's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

(o)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive

damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article, Section 6, of the Alabama Constitution.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

The Complaint seeks to make Merck liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996) on the issue of punitive damages. Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case and in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and any subsequent applicable decisions.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

Merck affirmatively pleads that any punitive damages that the Plaintiff may recover in this case should be capped in keeping with Alabama Code Section 6-11-21 and in the spirit of the Alabama Supreme Court's recent decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Ala. Code §6-11-21, (1975). The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision. *See Honda Motor Company, Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

Merck avers that the punitive damage cap set out in *Ala. Code* §6-11-21, (1975) applies to the instant case. *See Horton Homes, Inc. v. Brooks*, 2001 WL 1520623 (Ala. Nov. 30, 2001).

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

Merck avers that the punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur. *See TXO Production Corp. v. Alliance Resources Corp.* 113 S. Ct. 2711 (US 1993).

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

Merck avers that the method of imposing punitive damages violates Amendment 328, Section 6.11, which prohibits the use of a procedural rule to abridge, enlarge or modify the substantive right of any party. *See Leonard v. Terminix Intern. Co., L.P.* 854 So.2d 529 (Ala. 2002).

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

Merck adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

### AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, it reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action. Merck will rely on all defenses that may become available during discovery or trial.

### AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:

The Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel, and/or payment and release.

### AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:

The Plaintiff's claims are barred in whole or in part by the Alabama survival statute, Alabama Code § 6-5-462 (1975).

25

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

Plaintiff does not have standing to bring this suit and is not a proper plaintiff in that he has not been appointed personal representative of the estate of Hugh Robert Leverett, deceased, and was not so appointed before the statute of limitations for these claims had run.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

### JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

_____
Alan T. Hargrove, Jr.
One of the Attorneys for Defendant,
Merck & Co., Inc.

OF COUNSEL:
Robert C. "Mike" Brock
F. Chadwick Morriss
Alan T. Hargrove, Jr.
RUSHTON, STAKELY, JOHNSTON, & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone:  (334) 206-3100
Facsimile: (334) 263-4157

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon:

Andy D. Birchfield, Jr., Esquire
J. Paul Sizemore, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P. C.
Montgomery, Alabama 36103-4160

by placing a copy of same in the United States mail, postage prepaid, this the 9*th*
day of February, 2006.

_____
Of Counsel

27