JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 21 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 1657*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE VIOXX PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,\* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

    Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by the health care defendant in the Southern Texas action and plaintiffs in the remaining 47 actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

    On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

    To the North Carolina plaintiff who argues that he does not have the resources to litigate his claims in the Eastern District of Louisiana and to the health care defendant in the Southern Texas action who argues that it is not proper to split the Texas action into multiple pretrial proceedings, we emphasize that since Section 1407 transfer is for pretrial proceedings, there is usually no need for the parties and witnesses to travel to the transferee districts for depositions or otherwise. *See, e.g.*, Fed.R.Civ.P. 45(c)(3)(A). Furthermore, the judicious use of liaison counsel, lead counsel and steering

---

\* Judge Motz took no part in the decision of this matter.



EXHIBIT
D

- 2 -

committees will eliminate the need for most counsel ever to travel to the transferee districts. And it is logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary. This streamlining combined with uniform case management approaches instituted or anticipated in these multidistrict proceedings will foreseeably lead to an overall savings in transaction costs. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 422 (J.P.M.L. 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT FURTHER ORDERED that the claims against Pfizer Inc. (Pfizer) and the physician defendant in *Santos Villarreal Layton v. Dario Arango, M.D., et al.*, S.D. Texas, C.A. No. 7:05-149, relating to Pfizer's Celebrex prescription medication are separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the Southern District of Texas.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1657 -- In re Vioxx Products Liability Litigation</u>

### Southern District of California

*Alvin Williams v. Merck & Co., Inc., et al.*, C.A. No. 3:05-943
*Margaret Stein v. Merck & Co., Inc., et al.*, C.A. No. 3:05-944
*Otis Anderson v. Merck & Co., Inc., et al.*, C.A. No. 3:05-945
*Joan Ongley v. Merck & Co., Inc., et al.*, C.A. No. 3:05-947
*Hilda Armenta v. Merck & Co., Inc., et al.*, C.A. No. 3:05-948
*Robert Levesque v. Merck & Co., Inc., et al.*, C.A. No. 3:05-949
*Clancy Lucille Holloway v. Merck & Co., Inc., et al.*, C.A. No. 3:05-950
*Laura Martinez v. Merck & Co., Inc., et al.*, C.A. No. 3:05-951
*Clarice Forbes v. Merck & Co., Inc., et al.*, C.A. No. 3:05-953
*Robert Castro v. Merck & Co., Inc., et al.*, C.A. No. 3:05-954
*Joseph Capozzi v. Merck & Co., Inc., et al.*, C.A. No. 3:05-957
*Anna Lemmons v. Merck & Co., Inc., et al.*, C.A. No. 3:05-958
*Richard Brown v. Merck & Co., Inc., et al.*, C.A. No. 3:05-959
*Aida Hernandez v. Merck & Co., Inc., et al.*, C.A. No. 3:05-960
*Harvey Persh v. Merck & Co., Inc., et al.*, C.A. No. 3:05-961
*Robert Scott v. Merck & Co., Inc., et al.*, C.A. No. 3:05-962
*Violet Abramson v. Merck & Co., Inc., et al.*, C.A. No. 3:05-963
*Carmen Esquer v. Merck & Co., Inc., et al.*, C.A. No. 3:05-964

### Southern District of Illinois

*Rosie-May Spann v. Merck & Co., Inc., et al.*, C.A. No. 3:05-315
*James Steele, Jr., et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-339
*Greg Miller, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-361
*Wilma Gaston, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-362
*John Allen, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-377

### Western District of Kentucky

*William Andrew Curl, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-324
*Brenda Cox, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-332
*Patrick Wayne Overall, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-333
*James Goodman v. Merck & Co., Inc., et al.*, C.A. No. 3:05-334
*Steven Clark v. Merck & Co., Inc., et al.*, C.A. No. 3:05-335

### Eastern District of Missouri

*Dorothy Ganser, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-557
*Letty Bess, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-568
*Arthur Mullins, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-569
*Dorothy Kassing, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-631
*Shirley Zook, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-632
*Andrew Kisty, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-665

- A2 -

### Eastern District of Missouri (Continued)

*Virginia Kell, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-666
*Mary Benson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-668
*Earlie Douglas, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-669
*Ricardo Lara, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-671
*Loretta Trinidad, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-673
*David Moultrie, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-674
*Irene Rogers, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-675
*Charlotte Bohlke, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-837

### Middle District of North Carolina

*Jimmy Reid v. Merck & Co., Inc.*, C.A. No. 1:05-348

### Eastern District of Texas

*Elfriede Blacketer v. Merck & Co., Inc., et al.*, C.A. No. 1:05-336
*Walter Maddox v. Merck & Co., Inc., et al.*, C.A. No. 1:05-338

### Southern District of Texas

*Santos Villarreal Layton v. Dario Arango, M.D., et al.*, C.A. No. 7:05-149

### Western District of Washington

*Robert K. Waitt v. Merck & Co., Inc., et al.*, C.A. No. 2:05-759

### Northern District of West Virginia

*Shelia Dalgo v. Merck & Co., Inc.*, C.A. No. 5:05-48