FILED
2006 Mar-03 AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARTHA H. FAIRCLOTH, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:06-CV-184-RDP |
| MERCK & COMPANY, INC., | } |
| Defendant. | } |

MEMORANDUM OPINION

The court has before it Plaintiff's Motion for Reconsideration Regarding Order on Motion to Stay (Doc. # 6) and Motion for Discovery (Doc. # 7), filed February 17, 2006. The court held a telephone conference in this case on March 2, 2006. For the reasons outlined below, the court finds that Plaintiff's motions are due to be denied.

Plaintiff's motions request that this court reverse its prior decision to stay this case pending MDL transfer (Doc. # 4), and permit Plaintiff to conduct discovery to identify the name of the representative who marketed and promoted Vioxx® to her prescribing physician so that she can amend her complaint to add that person to this case. (Doc. # 7, at 1-2). Plaintiff predicts that the representative will be an in-state defendant who "would destroy diversity and render this matter subject to remand to the Circuit Court of Jefferson County, Alabama." (Doc. # 7, at 2).[1]

---

[1] Defendant points out that prior to filing her lawsuit, Plaintiff undoubtedly had access to her prescribing physician and could have conducted a "pre-suit investigation" into which Merck sales representatives, if any, called on her doctor. (Doc. # 9, at 3). Instead, Plaintiff waited until two years after the alleged injury – up until the end of the statute of limitations period – to seek this discovery for the explicit reason of trying to destroy diversity jurisdiction.

EXHIBIT "A"

Defendant maintains that the Vioxx® MDL court already has established procedures to make the information sought in Plaintiff's proposed discovery available to Plaintiff after transfer to the MDL court, and that Plaintiff has provided no good cause as to why her case should be treated differently from those already pending before the MDL. (Doc. # 9). The court agrees.

It is well-established that one of the main purposes of the MDL proceeding is to eliminate duplicative discovery and to enable the MDL court to coordinate discovery efforts for both common and non-common issues. *See, e.g., In re Vioxx Products Liab. Litig.*, 360 F.Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("Transfer Order"). Absent a stay, courts risk not only duplicating the MDL court's effort to coordinate discovery in Vioxx® cases but also issuing discovery rulings inconsistent with those entered by the MDL judge. For these very reasons, this court stayed this case pending transfer to the MDL. (Doc. # 4).[2] Nothing will prevent Plaintiff from seeking the requested discovery in the MDL. In fact, the MDL has already issued discovery

---

[2] Defendant points out that federal courts across the country have stayed more than 2,000 Vioxx® cases, including 250 with pending remand motions. (Doc. # 9, at 4). In response, Plaintiff notes that in several diet drug cases pending before the undersigned last year which were awaiting transfer to MDL, this court opted to rule on pending motions to remand, finding that the joinder of in-state sales representatives was not fraudulent and remanding those cases to state court. (Doc. # 7, at 9-10). Nonetheless, the action taken by this court last year in the diet drug litigation cases is simply not appropriate in this case given the Eleventh Circuit's recent opinion in *Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005), which was issued after the court remanded the diet drug litigation cases and which now suggests that under Alabama law, in-state representatives *are* fraudulently joined if they are merely "'conduits'" who did not act in bad faith. *Legg*, 428 F.3d at 1324-25 (*quoting Fisher v. Comer Plantation, Inc.*, 772 So. 2d 455, 463 (Ala. 2000)). In *Legg*, the Eleventh Circuit applied Alabama law in the context of claims based on prescription medications and found "no reasonable possibility" that the named sales representatives could be liable to plaintiffs. *Legg*, 428 F.3d at 1324-25. While an individual Merck sales representative's actions "might be a basis for a claim against [Merck]... it would not support the conclusion that [the representative] 'personally participated in the tort' or breached a duty to the Plaintiff[]." *Legg*, 428 F.3d at 1324. Post-*Legg*, it is clear that before the issue of fraudulent joinder can be decided, at least some discovery must be conducted to illuminate the depth of a representative's participation in the plaintiff's allegations. As the court has opined above, these are matters best left to the MDL court.

orders related to sales representatives and other discovery that plaintiffs have routinely sought from Merck.[3]

The court notes that Defendant has stated its concern that Plaintiff's stated purpose for conducting discovery is to defeat diversity jurisdiction. (Doc. # 7, at 2). Many district courts, including this one, have held that joinder of a non-diverse defendant under 28 U.S.C. § 1447(e) should be denied when the plaintiff's motivation for adding the new defendant is to seek remand. *See, e.g., Smith v. White Consolidated Indus., Inc.*, 229 F. Supp .2d 1275, 1280-81 (N.D. Ala. 2002) (considering "the extent to which the purpose of plaintiff's amendment is to defeat the jurisdiction of the court" in denying amendment); *Sexton v. G&K Servs., Inc.*, 51 F. Supp. 2d 1311, 1314 (M.D. Ala. 1999) (same). Moreover, the Eleventh Circuit's opinion in *Legg* also spoke against the tactic of joining individual sales representatives in pharmaceutical products liability cases in an effort to defeat a federal court's jurisdiction. *Legg*, 428 F.3d at 1324-25

For all of these reasons, this court finds that the MDL court is better equipped to consider Plaintiff's requests and therefore is not inclined to lift the previously entered stay in order to permit discovery or amendments. Accordingly, Plaintiff's motions are due to be denied.

**DONE** and **ORDERED** this ___2nd___ day of March, 2006.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's concern that she will have difficulty receiving this information in the MDL is unfounded. Judge Fallon has instituted a procedure by which plaintiffs in the MDL will receive the identity of any sales representatives who called on plaintiff's prescribing physicians. (Doc. # 9, Ex. D (Pre-Trial Order No. 21 at ¶¶ 3-4 )). It appears that the Plaintiff's Steering Committee is obligated to make the materials available to all plaintiff's counsel. (Doc. # 9, Ex. E (PTO No. 6 at p. 3 )). But, in any event, Merck conceded in the telephone conference that it will be obligated to provide the information to Plaintiff's counsel pursuant to PTO No. 18(b).