IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ROSEMARY LEVERETT, Individually,          *
and as Executrix of the Estate of          *
HUGH ROBERT LEVERETT, deceased,        *
                                                            *
          Plaintiff,                                    *
                                                            *
v.                                                         *          CV 3:06-cv-128-MHT
                                                            *
MERCK & CO., INC., a foreign              *
Corporation; ANNE BRANDON, an          *
Individual; LAMONDE RUSSELL, an        *
Individual; and fictitious defendants      *
A, B, C & D, being those persons, firms  *
Or Corporations whose fraud, scheme to *
defraud, and/or other wrongful conduct  *
caused or contributed to the Plaintiff's  *
injuries and damages, and whose true    *
names and identities are presently        *
unknown to Plaintiff, but will be           *
substituted by amendment when           *
ascertained.                                      *

BRIEF IN SUPPORT OF MOTION TO STAY

Comes now Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, and respectfully submits this Brief in Support of Its Motion to Stay. Defendant Merck submits this Brief to address issues raised in plaintiff's opposition to its Motion to Stay.

ARGUMENT

Plaintiff's chief argument in her opposition brief – that a stay is inappropriate because she has moved for remand – has been rejected over and over by federal district courts presiding over Vioxx litigation. In numerous decisions, including many in this District, these courts have recognized that the best way to ensure that MDL

1

proceedings can achieve their statutory goal of efficient, coordinated proceedings is by staying all pre-trial activity pending MDL transfer, regardless of whether a remand motion is pending. This is especially true where, as here, plaintiff's remand motion overlaps with others that are already pending before the MDL court. Because the statutory objectives of the MDL process are best served by staying all proceedings pending MDL transfer, Merck's motion to stay should be granted.

In creating MDL-1657, the Judicial Panel on Multidistrict Litigation ("JPML" or the "Panel") specifically recognized that "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand . . . in any other MDL-1657 actions can be presented to and decided by the transferee judge." *In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) (emphasis added). Numerous federal courts around the country have cited this language in granting Merck's motions for stay; indeed, ***more than 1,700 Vioxx-related cases have been stayed, including nearly 250 with pending remand motions***. Many of these stays with motions to remand pending have been issued by judges in this state. *See, e.g., T. Rawdon Beaty v. Merck & Company, Inc.,* (M.D. Ala. N.D., 2:05-cv-830W*); Margaret Hadley v. Merck & Company, Inc. (*S.D. Ala. S.D., 1:05-cv-00470-BH-C*); Yolanda King v. Merck & Company, Inc., (*M.D. Ala. N.D., 2:05-cv-165-T)*; Joe Sistrunk v. Merck & Company, Inc. (*M.D. Ala. E.D., 3:05-cv-255-A); *Marguerite Wood v. Merck & Company, Inc.,* (S.D. Ala. N.D., 2:05-cv-00425-CG-M); *and Carolyn Younge v. Merck & Company, Inc.,* (S.D. Ala. S.D., 03-cv-00125-M). These rulings are consistent with the vast weight of legal authority, because "[t]he general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after

the JPMDL has transferred the case to the MDL [court]."  *Jackson v. Johnson & Johnson, Inc.,* No. 01-2113, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001).  This court should do the same.

Both the JPML and Judge Eldon Fallon, who is presiding over the Vioxx MDL, have stated their view that overlapping remand motions are best decided in the MDL proceeding, not in a piecemeal fashion by transferor courts.  As the JPML has recognized, the objectives of the MDL process – namely, judicial economy and the avoidance of inconsistent pretrial rulings – are best served by deferring consideration of pending remand motions when they present similar issues as others in the same MDL proceeding.  For that reason, the Panel encourages transferor courts *not to rule on pending remand motions* where, as here, the issues presented are likely to be duplicated in other cases bound for the MDL.  *See* Letter dated Mar. 21, 2005 from JPML to Hon. Ricardo H. Hinojosa ("wait[ing] until the Panel has decided the transfer issue . . . may be especially appropriate if the [remand] motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization") (Attached as Ex. A).  In fact, Judge Fallon has stated his preference that he be allowed to rule on pending remand motions because of the need to treat like motions consistently.  Judge Fallon stated:

> There are various issues of remand in various cases throughout the country.  Again, a significant advantage of the MDL concept is some consistency.  The rule of law is really based on consistency.  If different decisions are made by numerous judges, then you have no consistency and no predictability and no one knows exactly what to do or how to do it.  It's easier if one court decides some of these matters than if 50 or 100 courts decide the matter.

3

Transcript at 21, *In re VIOXX Prods. Liab. Litig.* Status Conference (June 23, 2005)

(attached as Ex. B).

The goal of consistency makes a stay in this case particularly appropriate.  It is

clear that plaintiff's allegations about Vioxx and Merck's conduct in marketing it arise

time and time again in cases already before Judge Fallon.  Moreover, the question

raised by plaintiff's remand motion – whether naming a non-diverse Merck sales

representative can defeat diversity jurisdiction – is the same question raised by scores

of other cases that have been transferred to the MDL proceeding for coordinated

treatment.  This includes cases originating in Alabama.  *See, e.g., Beaty; Woods v.*

*Merck & Co., Inc.*, No. 05-0425-CG-M, slip op. at 2-3 (S.D. Ala. S.D. Aug. 17, 2005)

(staying case because involving fraudulent joinder of sales representatives because of

need for consistent rulings, and efficiency) (Attached as Exh. C). These transferor

courts have recognized that having the MDL court decide the overlapping jurisdictional

issues raised by these cases will ensure that the various actions from Alabama, as well

as around the country, are treated in a uniform manner and that this Court does not

enter a ruling that might ultimately be inconsistent with that of the MDL court on like

motions.  *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (where "[t]he jurisdictional issue in

question is easily capable of arising in [more than one court] . . . [c]onsistency as well as

economy is . . . served [by transferring and consolidating cases as to which remand

motions are pending]"); *Bd. of Trs. Of the Teachers' Ret. Sys. Of Ill. v. WorldCom, Inc.*,

244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) ("The question, then, is whether other courts

are facing or are likely to face similar jurisdictional issues in cases that have been or

may be transferred to a multidistrict proceeding"); *Benjamin v. Bayer Corp.*, No. 02-

0886, 2002 U.S. Dist. LEXIS 9157, at *5 (E.D. La. May 16, 2002) ("[B]ecause the issues involved in this remand are likely to be common to other transferred cases, the policies of efficiency and consistency of pre-trial rulings are furthered by a stay of the proceedings"); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 989-90 (E.D. Wis. 2000) (deferring consideration of motion to remand pending JPML transfer involving disputes over amounts in controversy).  Merck respectfully urges that the Court should follow the course taken by courts around the country (including in this District) in nearly 250 Vioxx-related cases and defer consideration of plaintiff's remand motion pending MDL transfer.

Nor do plaintiff's various arguments warrant denying the motion to stay.  Plaintiff first argues that Eleventh Circuit law requires that this court rule on his Motion to Remand prior to addressing the stay motion.  Plaintiff cites for this proposition the case of *University of South Alabama v. The American Tobacco Company*, 168 F.3d 405 (11th Cir. 1999).  That case is inapposite for a number of reasons.  First, in that case, a motion to stay was not pending, nor was it a case to be transferred to an MDL proceeding.  Second, there was no mechanism for the Motion to Remand to be heard in another forum, such as the MDL court here.  Third, in that case, the district court (the only forum that could consider the Motion to Remand) had ruled on a substantive issue before dealing with the Motion to Remand.  As the Eleventh Circuit stated:

> "Because the District Court plainly lacked subject matter jurisdiction to entertain this case, we hold that it improvidently reached a complex question of substantive state law – whether the attorney general had the power to manage and control complex litigation commenced by the University."

168 F. 3rd at 408.  The situation in *University of South Alabama* is far different from the present case.  Plaintiff essentially ignores that district courts have the power to stay proceedings in order "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  Indeed, that power remains intact even where there is a pending motion challenging jurisdiction.  *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1047 (E.D. Wis. 2001) (rejecting notion that pending remand motion must be resolved before considering motion to stay).  This is so because considering and granting a stay "is not adjudicating the merits of a case. . . .  [Courts are not obligated to] resolv[e] jurisdictional matters before considering whether to grant a stay motion."  *Id.*  Thus, the posture of this case is entirely different than *University of South Alabama*, and there is no dispute that this Court has the discretion to stay all proceedings here.

The issue in this case is not whether plaintiff's Motion to Remand will be dealt with, but which forum will do so.  For many reasons that have been set out in prior briefs and pleadings, including uniformity of rulings, judicial economy, and many others, the MDL court is the proper forum to deal with plaintiff's Motion to Remand, along with numerous similar motions to remand filed in other Vioxx cases.  Merck does not seek to avoid a ruling on plaintiff's motion to remand.  Merck simply argues that the proper court to decide such a motion is the MDL court.  *See, e.g.*, *O'Gorman v. Merck & Co., Inc.*, No. 4:05-cv-00153, slip op. at 1-2 (E.D. Mo. Feb. 22, 2005) ("Regarding pending matters, the Panel stated that the pendency of a motion to remand is not a sufficient basis to avoid inclusion in the transfer; such motions 'can be presented to and decided

by the transferee judge. . . .' Therefore, the pending motions to remand . . . must be deferred to the transferee court for ruling after transfer.  The motion to stay will be sustained.") (Attached as Exh. D).

Under the section heading of what Eleventh Circuit law requires, plaintiff discusses in detail district court cases from Kansas, West Virginia, and California.  None of these cases reflect Eleventh Circuit law and none of them are authoritative for the issue before this court.  Merck has cited numerous cases, in its Motion to Stay where a stay was granted pending transfer to an MDL court, even though a Motion to Remand was pending.  These stays, and eventual transfers, were appropriate, again, based on interests of uniformity, judicial economy and other considerations.

The other basis of opposition stated by plaintiff in his brief is the assertion that MDL courts routinely prefer that district courts reject motions to stay and resolve motions to remand themselves.  Plaintiff quotes from a small excerpt from a transcript in MDL 1203, *In re: Diet Drugs Product Liability Litigation* for this proposition.  Such is not the position of most MDL courts and, in fact, Judge Fallon, the judge in this MDL proceeding, has stated his preference that for the sake of consistency and predictability the MDL court should decide the remand motions.  As noted above, there are numerous cases pending before Judge Fallon with the exact same issue as this case – that is, where local sales representatives have been joined as defendants.  The transferor courts that sent those cases, including all of the districts in Alabama, have obviously recognized this need for uniformity and predictability.

CONCLUSION

For all of the foregoing reasons, the Court should stay this proceeding, including

any consideration of plaintiff's remand motion, pending a transfer decision by the JPML.


s/ Alan T. Hargrove, Jr.
Alan T. Hargrove, Jr.
     Bar Number: (ASB-7018-H46A)
Mike Brock
     Bar Number:  (ASB-5280-B61R)
F. Chadwick Morriss
     Bar Number: (ASB-8504-S75F)


RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone:  334/206-3100
Fax:  334/262-6277
E-mail:        ath@rsjg.com
               rcb@rsjg.com
               fcm@rsjg.com


Attorneys for Defendants


CERTIFICATE OF SERVICE


I hereby certify that on March 13, 2006, I electronically filed the foregoing with the Clerk of the court using CM/ECF system which will send notification of such filing to the following:  J. Paul Sizemore.


s/ Alan T. Hargrove, Jr.
COUNSEL

8