UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL O'GORMAN, | ) | |
| THERESIA O'NEAL, | ) | |
| NOLA OVERBY-EISENBERG, | ) | |
| BEN PRIMUS, | ) | |
| LAUREN PARK, | ) | |
| CLIFFORD PHILLIPS, | ) | |
| GARY MARTIN, | ) | |
| DONALD McMULLOUGH, and | ) | |
| LYNETTA McCLYMOND, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:05 CV 153 DDN |
| | ) | |
| MERCK & CO., INC., | ) | |
| AMY SEPKO, | ) | |
| SHERRY ALBERTS, | ) | |
| JOHN AND/OR JANE DOES 1-100, | ) | |
| | ) | |
| Defendants.. | ) | |

**MEMORANDUM AND ORDER STAYING ACTION**

On February 16, 2005, the Judicial Panel on Multidistrict Litigation in *In re Vioxx Products Liability Litigation*, Docket No. 1657, issued its Transfer Order, upon the motion of Merck & Co., Inc. (Merck), that 148 actions, some of which are pending before this court, be transferred to the Eastern District of Louisiana for pretrial proceedings. In that Transfer Order the Panel acknowledged that there are approximately 300 potentially related actions pending in many districts. The Panel stated that these actions will be treated as potential tag-along actions. A review of the allegations in this action indicates that the above-styled action is a tag-along action, likely to be transferred as part of the *Vioxx Liability Litigation*.

Regarding pending matters, the Panel stated that the pendency of a motion to remand is not a sufficient basis to avoid inclusion in the transfer; such motions "can be presented to and decided by the transferee judge." *See In Re Vioxx Products Liability Litigation,* No. 1657, at 2 (MDL February 16, 2005).

Currently pending in this action are (1) the motion of Merck to sever plaintiffs (Doc. 7); (2) the motion of Merck to stay all

proceedings (Doc. 11); (3) the motion of the plaintiffs to remand (Doc. 14); and (4) the Consent Motion for Extension of Time (Doc. 16).

Although this action was not specifically included in Schedule A of the Transfer Order, this action is a potential tag-along action subject to the authority of the Judicial Panel on Multidistrict Litigation and subject to consolidation and transfer.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L. (2001).  Therefore, the pending motions to remand and to sever plaintiffs must be deferred to the transferee court for ruling after transfer.  The motion to stay will be sustained.

Therefore,

**IT IS HEREBY ORDERED** that the Consent Motion for Extension of Time (Doc. 16) is sustained, in that defendant Merck shall file its Opposition to plaintiffs' motion to remand not later than March 22, 2005;

**IT IS FURTHER ORDERED** that the motion for remand (Doc. 14) and to sever plaintiffs (Doc. 7) are deferred to the transferee court following transfer; and

**IT IS FURTHER ORDERED** that the motion of defendant Merck to stay all other proceedings (Doc. 11), pending transfer to the transferee court, is sustained.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**


Signed this day, February 22, 2005.

- 2 -